SULLIVAN, Senior Judge
(concurring in part and in the result):
To the extent that the majority suggests we are precluded from looking at the holding of the Court of Criminal Appeals that error occurred, I disagree. We granted review of the question of harmless error, which under our precedent allows us to look at the question of error See United States v. Williams, 41 MJ 134, 135 n. 2 (CMA 1994), citing Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Moreover, we have not adopted a strict appellate waiver approach when an appellant fails to challenge an adverse Court of Criminal Appeals holding in *438 this Court. See generally Eugene R. Fidell, Guide to the Rules of Practice and Procedure for the United States Court of Appeals for the Armed Forces, 34-37 (9th ed.2000)(recognizing this Court’s practice of specifying issues not assigned by appellate defense counsel); see also United States v. Johnson, 42 MJ 443, 446 (1995). Finally, I am not convinced that the law of the case, rather than appellate forfeiture with a plain error exception, is the proper approach to these questions. See generally United States v. Castillo, 179 F.3d 321, 326-27 (5th Cir.1999); Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 739-40 (D.C.Cir.1995).
In my view, error occurred in this case for the reasons posited by the Court of Criminal Appeals. Nevertheless, I agree with the majority that such error was harmless beyond a reasonable doubt.
Whether Airman Stachum induced appellant to commit the charged offense, and Stachum’s credibility in this regard, were not outcome determinative issues in this case. As pointed out by the majority, an additional requirement for a successful entrapment defense was a showing of an absence of a predisposition on appellant’s part to commit the charged offense. See RCM 916(g), Manual for Courts-Martial, United States (1998 ed.).
I agree with the majority opinion that there was overwhelming evidence of appellant’s predisposition to acquire drugs from A1C Hillhouse in this ease. In these circumstances, there was no reasonable possibility that the members would find the second prerequisite of this defense existed in appellant’s case. Accordingly, I conclude that error in excluding defense evidence on Stachum’s purported inducement of appellant and Stachum’s credibility was harmless beyond a reasonable doubt. See United States v. Monroe, 42 MJ 398, 402-03 (1995).